IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:18-cv-1046

| | |
|---|---|
| HUI MINN LEE, | ) |
| Plaintiff, | ) |
| v. | ) **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS** |
| MARKET AMERICA, INC., | ) |
| Defendant. | ) |

Defendant Market America, Inc. ("Defendant"), by and through its undersigned counsel, respectfully submits this Reply Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Amended Complaint.

## **ARGUMENT**

### I. **Plaintiff has failed to address whether she has properly pled her North Carolina Equal Employment Practices Act claim.**

Plaintiff's argument in her Memorandum in Opposition to Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint ("Response Brief") that the evidentiary standards for Title VII claims and wrongful discharge in violation of North Carolina's Equal Employment Practices Act's ("EEPA") public policy claims are similar, (Doc. 16 at 6-7), does not address the issue here, which is whether she has properly *pled* her claim for wrongful discharge in violation of public policy. Indeed, none of the cases cited by Plaintiff in support of her

1

contention addressed whether a claim was properly pled in the context of a 12(b)(6) motion to dismiss. Because a 12(b)(6) motion to dismiss only "tests the sufficiency of a complaint," not the sufficiency of evidence, *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), Plaintiff's argument regarding the applicability of Title VII's evidentiary standards to state law wrongful discharge claims is misplaced.

As Defendant's opening memorandum of law stated, there is no private right of action under the EEPA. *Mullis v. Mechanics & Farmers Bank*, 994 F. Supp. 680, 687 (M.D.N.C. 1997) ("Absent a clear indication from the courts or the legislature of North Carolina that a private right of action does exist under the NCEEPA, it would be inappropriate for a federal court to create a private right of action under the NCEEPA, and this court declines to do so."). A complaint that simply asserts that the defendant's actions are in violation of the EEPA fails to state a claim. *See id.* (granting motion to dismiss as to plaintiff's claim that the defendants "intentionally discriminated against her on the basis of her sex in violation of the NCEEPA" because no such claim exists). The cases cited by Plaintiff in response to Defendant's argument do not, in any way, change this conclusion.

Even if the evidentiary standards for properly pled wrongful discharge in violation of the EEPA's public policy claims and Title VII discrimination claims

2

are the same, their pleading requirements still differ. Specifically, while a plaintiff asserting a state law wrongful discharge claim based on the public policy outlined in the EEPA must expressly plead that the discharge was in violation of the public policy against discrimination set forth in the EEPA, *see id.*, a plaintiff asserting a Title VII discrimination claim is not required to include any such allegations. In fact, a plaintiff asserting a Title VII claim is not even required to plead the elements listed by Plaintiff in her Response Brief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").

Similarly, the *McLean* case relied on by Plaintiff actually supports Defendant's argument that Plaintiff's EEPA claim should be dismissed. Without providing any additional context, Plaintiff quotes *McLean* for the conclusion that:

> Just as we have held and hold in this case that a North Carolina state cause of action for wrongful discharge is stated by a claim that an employee is separated from employment because of her sex when the cause of separation is her refusal of sexual favors to her supervisor, then, when the record indicates, as it does in this case, that her separation may have been caused because of her race, we are of opinion and hold that she has stated a cause of action under the state law of North Carolina under [the EEPA.]

3

*McLean v. Patten Communities, Inc.*, 332 F.3d 714, 721 (4th Cir. 2003). The court in *McLean* was evaluating whether the district court had erred in holding that "wrongful discharge on the basis of race or sex is not forbidden by the public policy of North Carolina" and was *not* evaluating whether the plaintiff had properly pled a claim under state law for wrongful discharge based on the EEPA. *Id.* at 720.

Furthermore, the *McLean* court affirmed the very principle argued by Defendant in support of its Partial Motion to Dismiss—no private cause of action exists under the EEPA. *Id.* ("While there have been numerous cases in the lower courts discussing whether a private cause of action can be maintained under Section 143–422.2 for allegations relating to discrimination based on race or sex, we have held in *Hughes* and cited in *Smith* that this statute [only] appl[ies] 'to common law wrongful discharge claims or in connection with other specific statutory remedies.'").

Finally, Plaintiff's assertion that her "Amended Complaint alleges that the Defendant terminated her because of her age, race and national origin *in violation of North Carolina public policy*" mischaracterizes the allegations of the Amended Complaint. (Doc. 16 at 7) (emphasis added). To be sure, Plaintiff's Amended Complaint at no point uses the phrase "North Carolina public policy." (Doc. 4.)

4

As a result, Plaintiff's claims under the EEPA should be dismissed because no such claims exist.

## II. **Plaintiff has conceded that she does not wish to pursue any state law claims based on "harassment, retaliation or disparate treatment."**

In her Response Brief, Plaintiff concedes that she "does not attempt to assert . . . a separate [state law] cause of action based solely on 'discrimination, harassment, retaliation or disparate treatment.'" (Doc. 16 at 8.) As a result, regardless of the Court's decision about whether Plaintiff has properly pled a state law claim regarding her termination of employment, if Plaintiff's Amended Complaint is interpreted to allege any state law claims for harassment, disparate treatment or retaliation, such claims should be dismissed as a result of Plaintiff's concession.

## III. **Plaintiff has conceded that she does not wish to pursue any race-related claims or a retaliation claim under Title VII.**

Defendant did not move to dismiss any claims under Section 1981 in its Partial Motion to Dismiss. (Doc. 13.) However, Plaintiff agrees with Defendant's argument that the "exhaustion of administrative remedies is a prerequisite to filing a lawsuit alleging discrimination and retaliation in violation of Title VII."[1] (Doc.

---

[1] Defendant filed a Suggestion of Subsequent Pertinent and Significant Authority on June 4, 2019, (Doc. 15), regarding the Supreme Court's recent holding that the exhaustion of administrative remedies is not a jurisdictional requirement, but rather a claims-processing rule. Because the Supreme Court's decision does not change the mandatory nature of exhausting one's administrative remedies and because the Defendant raised the defense early in the litigation, Defendant's motion to dismiss Plaintiff's race-related and retaliation claims under Title VII should be dismissed pursuant to Rule 12(b)(6).

5

16 at 8.) Additionally, Plaintiff appears to clarify in her Response Brief that she is only pursuing age, gender, and national origin claims under Title VII. (*Id.* at 9.) Because Plaintiff has apparently conceded that she is not pursuing any race-related claims or a retaliation claim under Title VII, Defendant's Partial Motion to Dismiss such claims should be granted.

## CONCLUSION

For the reasons stated herein and in Defendant's Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Amended Complaint, Defendant respectfully requests that Plaintiff's claims under the EEPA and Plaintiff's discrimination and retaliation claims under Title VII be dismissed. Defendant further requests that the Court grant such further relief as it deems just and proper.

This the 21st day of June, 2019.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Theresa M. Sprain
Theresa M. Sprain, NCSB No. 24540
Patricia I. Heyen, NCSB No. 50775
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2104
Facsimile: (919) 755-6785
Email: Theresa.Sprain@wbd-us.com
       Patricia.Heyen@wbd-us.com
*Attorneys for Defendant*

## **CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.3(d), I certify that this document contains fewer than 3,125 words, excluding the parts of the document that are exempted by Rule 7.3(d). This certificate was prepared in reliance on the word count feature of the word processing software used to prepare this document.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Theresa M. Sprain
Theresa M. Sprain, NCSB No. 24540
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2104
Facsimile: (919) 755-6785
Email: Theresa.Sprain@wbd-us.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, the foregoing **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Angela N. Gray
> Gray Newell Thomas, LLP
> 7 Corporate Center Ct., Ste. B
> Greensboro, NC 27408
> Angela@graynewell.com

This the 21st day of June, 2019.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Theresa M. Sprain
Theresa M. Sprain, NCSB No. 24540
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2104
Facsimile: (919) 755-6785
Email: Theresa.Sprain@wbd-us.com
*Attorney for Defendant*