IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HUI MINN LEE,                )
                             )
         Plaintiff,          )
                             )
vs.                          )   Case No. 1:18-cv-1046
                             )
MARKET AMERICA, INC.,        )
                             )
         Defendant.          )

1. The following persons participated in a Rule 26(f) conference on June 30, 2020 by telephone:
   Angela N. Gray, counsel for Plaintiff
   Camilla F. DeBoard, counsel for Defendant

2. Initial Disclosures. The parties will complete by August 1, 2020 the initial disclosures required by Rule 26(a)(1).

3. The parties do not request a conference with the Court before entry of the Scheduling Order.

4. Discovery Plan. The parties propose the following discovery plan:

   a. Discovery shall be placed on a case management track established in LR 26.1. The undersigned parties propose that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in LR 26.1(a) as Complex.

   b. Discovery will be needed on the following subjects:

      i. All facts and information related to or contained in the Complaint;
      ii. All facts and information related to or contained in the Answer, replies and/or defenses of Defendant.

   c. All discovery shall be completed by January 30, 2021.

   d. A maximum of 25 interrogatories from Plaintiff to Defendant and 25 interrogatories from Defendant to Plaintiff. The responding party must serve answers and any objections within 60 days after being served with interrogatories and/or requests

for production of documents. The parties may agree to extend the deadline to respond to discovery requests.

e.  Maximum of 25 requests for admission from Plaintiff to Defendant and 25 requests for admission from Defendant to Plaintiff. The responding party must serve answers and any objections within 60 days after being served with the requests for admission. The parties may agree to extend the deadline to respond to discovery requests.

f.  Depositions. The Parties agree as follows:

   i.  Maximum of 5 depositions of fact witnesses by Plaintiff and 7 by Defendant; provided, however, that the parties may by stipulation increase the number of depositions of fact witnesses should additional discovery be needed.

   ii. Depositions shall not exceed seven hours, unless extended by agreement of the parties.

g.  Reports from retained experts under Rule 26(a)(2) will be due:
   i.  October 30, 2020.

h.  Reports from any rebuttal experts will be due:
   i.  November 30, 2020.

i.  Supplementations under Rule 26(e) are due in accordance with the local rules and will be timely made.

j.  Disclosure or discovery of electronically stored information should be handled as follows:

   **Documents that exist solely in physical hard-copy format shall be converted to images or PDF documents. Electronically stored documents including email communication will be produced in either original native electronic format or pdf format. The parties agree to work together to establish an ESI protocol satisfactory to both the requesting and producing party with respect to any request for ESI.**

k.  Privilege. The parties have agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production, as follows:

i. In accordance with Rule 26(f)(3)(D) the parties have discussed certain issues related to claims of privilege and protection of trial preparation material and have agreed upon a procedure to assert such claims after an inadvertent disclosure of privileged or trial preparation materials (absent a clear indication of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production. The parties further agree, upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over the use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

ii. The parties will confer and agree upon a mutual protective order to be filed and executed with the Court within 45 days of the entry of the 26(f) report.

5. Mediation. Settlement may be enhanced by use of a Mediated Settlement Conference and the parties agree that any Mediated Settlement Conference should be completed by December 31, 2020. The parties agree that the mediator shall be **Ken Carlson.** The prospects for settlement are unknown at this time.

6. Trial Preparations. The Parties agree to the following preliminary schedule:
    a. The parties request a pretrial conference 30 days before trial.
    b. The Plaintiff should be allowed 60 days after the entry of the Scheduling Order to join additional parties and until 90 days after the entry of the Scheduling Order to amend pleadings.
    c. The Defendants should be allowed 60 days after the entry of the Scheduling Order to join additional parties and until 90 days after the entry of the Scheduling Order to amend pleadings.
    d. All potentially dispositive motions should be filed by March 1, 2021.
    e. Final lists of witnesses and exhibits under Rule 26(a)(3) are due:
        i. From Plaintiff: 30 days before trial.
        ii. From Defendants: 20 days before trial.
    f. The parties shall have 14 days after service of witness lists and exhibits to file objections thereto.
    g. This case will be ready for trial on or after April 1, 2020, and it is expected that the trial will take approximately 4 days.

7. Other matters required by the Initial Order Regarding Planning and Scheduling:
    a. The parties have discussed the issue of consent to the jurisdiction of a U.S. Magistrate Judge, and do not at this time consent thereto.

Respectfully submitted this the 6th day of July, 2020.

/s/Camilla F. DeBoard
Camilla F. DeBoard
Attorney for Defendant
NC Bar No. 41265

OF COUNSEL:

Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898
Greensboro, NC 27402-1898
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
E-mail: cfd@trslaw.com

/s/ Angela Gray
Angela N. Gray
Gray Newell Thomas, LLP
7 Corporate Center Ct, Ste. B
Greensboro, NC 27408
Telephone: (336) 285-8151
Facsimile: (336) 458-9359
Email: angela@graynewell.com

CERTIFICATE OF SERVICE

I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

Angela N. Gray
Gray Newell Thomas, LLP
7 Corporate Center Ct, Ste. B
Greensboro, NC 27408
Email: angela@graynewell.com


Theresa M. Sprain
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
PO Box 831
Raleigh, NC 27601
Email: Theresa.Sprain@wbd-us.com

This the 6th day of July, 2020.

                                          /s/Camilla F. DeBoard
                                          Camilla F. DeBoard
                                            Attorney for Defendant
                                            NC Bar No. 41265


OF COUNSEL:

Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898
Greensboro, NC 27402-1898
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
E-mail: cfd@trslaw.com