# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HUI MINN LEE, | ) |
|            Plaintiff, | ) |
| v. | ) Case No. 1:18CV1046 |
| MARKET AMERICA, INC., | ) |
|            Defendant. | ) |

## JOINT CONSENT PROTECTIVE ORDER

Pursuant to the Joint Motion of Defendant Market America, Inc., ("MA") and Plaintiff Hui Min Lee ("Lee") (collectively, the "Parties" and each individually a "Party") requesting that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain information, as defined below, that may be exchanged in connection with discovery in this action. Having reviewed the Motion and the parties' proposed Order, and finding good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

1. **PURPOSE.**

   A Receiving Party may use Protected Material, as defined below, that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this case. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation.

2. **DEFINITIONS**.

   a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among

other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or any disclosures in this case.

b) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

c) "Producing Party" means any Party or other third-party entity that discloses or produces any Discovery Material in this case.

d) "Designating Party" means any Party or other third-party entity that designates any disclosed or produced Discovery Material and Protected Material in this case.

e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL", as provided for in this Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in Court or in any other setting that might reveal such information. Protected Material shall not include materials that are publicly available.

f) "Receiving Party" means any Party who receives Discovery Material from a Producing Party and includes trial and deposition witnesses.

g) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) attorneys associated with such counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation.

h) Applicability of Stipulation. This Stipulation applies to the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties joined in or providing discovery in this action (including third-party witnesses), and all other interested persons with actual or

2

Case 1:18-cv-01046-WO-JLW   Document 28   Filed 08/24/20   Page 2 of 17

constructive notice of this Stipulation, for the sole purpose of facilitating discovery and the conduct of hearings in this case. This Stipulation will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, save and except a hearing that involves issues related to the enforcement of any provision of this Stipulation.

3. **COMPUTATION OF TIME.**

The computation of any period of time prescribed or allowed by this Stipulation shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4. **SCOPE.**

a) Nothing in this Stipulation shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing so long as appropriate actions are taken to protect any Protected Material's confidentiality, such as redaction of personal identifying information and the filing the Protected Material under seal where consistent with the Local Rules of the Court.

b) This Stipulation is without prejudice to the right of any Designating Party to seek further or additional protection of any Discovery Material or to modify this Stipulation in any way, including, without limitation, an order that certain matter not be produced at all.

5. **DURATION.**

Even after the termination of this case, the confidentiality obligations imposed by this Stipulation shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL.**

   a) **Basic Principles**. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Stipulation.

   b) **Secure Storage**. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation.

   c) **Legal Advice Based on Protected Material**. Nothing in this Stipulation shall be construed to prevent in-house counsel who are authorized to have access to Protected Materials pursuant to paragraph 8(c)(ii) or Outside Counsel from advising their clients with respect to motions counsel recommends should or should not be made or discovery that should or should not be taken relating to this case based in whole or in part upon Protected Materials, provided such in-house and Outside Counsel do not disclose the Protected Material itself except as provided in this Stipulation.

   d) **Limitations.** Nothing in this Stipulation shall restrict in any way a Party's use or disclosure of its own Protected Material. Nothing in this Stipulation shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided to the Receiving Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Designating

Party; (v) to an individual who prepared the Discovery Material; or (vi) pursuant to Order of the Court.

7. **DESIGNATING PROTECTED MATERIAL.**

a) **Available Designations**. Any Producing Party may designate Discovery Material it produces as Confidential, and any Party may designate any Discovery Material, regardless of its source, as Confidential, provided that it meets the requirements for such designation as provided for herein.

b) **Written Discovery and Documents and Tangible Things**. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for designation as CONFIDENTIAL may be so designated by placing the designation "CONFIDENTIAL" on every page of the written material, for which such designation is appropriate, prior to production. In the event that original documents are produced for inspection, the original documents shall be presumed CONFIDENTIAL during the inspection and re-designated, as appropriate during the copying process.

c) **Depositions and Testimony**. Parties or testifying persons or entities may designate all or portions of depositions and other testimony as CONFIDENTIAL by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed CONFIDENTIAL until the time within which portions of the testimony may be appropriately designated as provided for herein has passed. Any person that wishes to disclose the transcript, or information contained therein, before the

time within which it may be appropriately designated as Protected Material has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as CONFIDENTIAL must designate the CONFIDENTIAL portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Stipulation, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Stipulation. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulation, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Stipulation to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL."**

a) To the extent reasonably possible, each Party or non-party that designates information or items as Protected Material must take care to limit any such designation to material that qualifies under the appropriate legal standards. The Parties agree that, where it would not be cost effective to review every document for confidentiality issues, the Parties may

6

Case 1:18-cv-01046-WO-JLW   Document 28   Filed 08/24/20   Page 6 of 17

designate an entire group of documents as CONFIDENTIAL, including, but not limited to, e-mails or other electronically stored information. If the opposing Party, upon review, feels that a particular document is not properly designated as CONFIDENTIAL, he or she may confer with the Designating Party, which shall withdraw the designation if warranted. Absent agreement the Parties may seek Court relief as provided herein.

b) A Party or non-party that produces Discovery Material may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity, or be previously marked confidential in a separate matter, court hearing or agreement between the parties or a third party.

c) Unless otherwise ordered by the Court or agreed to by the Designating Party, Protected Material may be disclosed only to the following:

  i. The Parties themselves, corporate officers and key employees, claim professionals reinsurers, or retrocessionaires of MA or agents of the Parties who have responsibility for directing or assisting litigation counsel in connection with this action, if the individual viewing the confidential document has signed an acknowledgment in the form of Exhibit "A."

  ii. The Receiving Party's in-house and Outside Counsel, their immediate paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, unless otherwise agreed, and who have signed an acknowledgment in the form of Exhibit "A" attached;

7

iii.  Deposition and trial witnesses who have signed an acknowledgment in the form of Exhibit "A" attached. Parties, through counsel, shall make diligent efforts to have a witness sign the Exhibit A prior to the deposition date, and in the event the witness refuses to sign Exhibit A and is not subject to a confidentiality clause or court order already in place (such as a prior settlement agreement), the Parties shall, after the deposition of the witness, between themselves, shall agree that the entirety of the deposition will remain confidential, file with the Court a joint motion to order that the witness be instructed by the Court the materials are confidential and shall not be disclosed. ;

iv.  Any outside expert(s) or consultant(s) retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that such expert(s) or consultant(s) have signed an acknowledgment in the form of Exhibit "A" attached;

v.  Translators of or into foreign languages who are not employed by or affiliated with any of the Parties, but are retained only to provide translations of any material designated as CONFIDENTIAL, having first agreed to be bound by the provisions of the Stipulation by signing a copy of Exhibit A.

vi.  Court reporters, stenographers and videographers retained to record testimony taken in this action.

vii.  The Court, jury, and court personnel.

viii.  A vendor hired by a Party to collect documents, host data, maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case, if the vendor signs Exhibit A.

  ix. Any persons who appear on the face of the designated Protected Material as an author, addressee or recipient thereof or where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the person.

  x. Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulation

9. **MOCK JURORS.**

A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as CONFIDENTIAL unless that mock juror has signed a copy of Exhibit A.  Mock Jurors shall not be permitted to take any Discovery Material with them at the end of the exercise and may not at any time take Discovery Materials out of the offices where the mock trial is conducted.

10. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL.**

a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Stipulation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

b) Any challenge to a designation of Discovery Material under this Stipulation shall be written, shall be served on Outside Counsel for the Designating Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

c) The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Designating Party claiming protection in a good faith effort to resolve the dispute. The Designating Party shall have the burden of justifying the disputed designation.

d) Failing agreement, the Parties' recourse is to file, within fourteen calendar days of the communication of no change to designations, a joint letter with the Court requesting a ruling whether the Discovery Material in question is entitled to the status and protection of the Designating Party's designation. The Designating Party shall have the burden of justifying the disputed designation. In the event that the Court orders further briefing on the issue, the Parties will abide by any order of the Court as to the sequence and timing of the briefing. The Parties' entry into this Stipulation shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

e) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Stipulation until one of the following occurs: (a) the Designating Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**11. <u>SUBPOENAS OR COURT ORDERS.</u>**

If at any time a Receiving Party receives a subpoena from any court, arbitral, administrative, regulatory or legislative body, requesting Protected Material produced by another Party, the Party to whom the subpoena or other request is directed shall give prompt written notice

thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Material. Nothing in this paragraph should be construed as permitting disclosure of Protected Material to any third party except as expressly provided in this Stipulation.

**12. SHIPPING PROTECTED MATERIAL.**

When any Receiving Party ships any Discovery Material to others designated in this Stipulation as authorized to receive Discovery Material other than internal communication and correspondence among employees of MA or between a Party and its counsel, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express, USPS or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized Parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

**13. UNINTENTIONAL DISCLOSURE OF PRIVILEGED MATERIAL.**

**a.** The inadvertent and/or unintentional production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client, and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the Receiving Party, in writing, of the production after its discovery of the same.

11

**b.** If the Producing Party notifies the Receiving Party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

**c.** The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

**d**. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

**e.** The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

**f.** This Stipulation does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This Stipulation also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in this agreement.

## 14. INADVERTENT FAILURE TO DESIGNATE PROPERLY.

a.  The inadvertent and/or unintentional failure by a Producing Party to designate Discovery Material with the correct confidentiality designation shall not waive any such designation. If the Producing Party notifies all Receiving Parties of an inadvertent failure to designate materials as confidential, the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

b.  A Receiving Party shall not be in breach of this Stipulation for any use of such inadvertently-non-designated or inadvertently-mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Stipulation.

## 15. INADVERTENT DISCLOSURE NOT AUTHORIZED BY STIPULATION.

a.  In the event of a disclosure of any Protected Material pursuant to this Stipulation to any person or persons not authorized to receive such disclosure under this Stipulation, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Designating Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible Party shall also promptly take all reasonable

measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

  **b.**  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

  **16. <u>FINAL DISPOSITION.</u>**

  **a.**  Not later than sixty days after the final disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Stipulation, "final disposition" occurs after an order, mandate, or dismissal which finally terminates this action (including all appeals) with prejudice.

  **b**.  All Parties that have received any Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.

  **17. <u>MISCELLANEOUS.</u>**

  **a.**  **Right to Further Relief**. Nothing in this Stipulation abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Stipulation, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

  **b.**  **Termination of Matter and Retention of Jurisdiction**. The Parties agree that the terms of this Stipulation shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction for one year after termination of this matter to hear and resolve any disputes arising out of this Stipulation.

c.      **Successors**.  This Stipulation shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

d.      **Right to Assert Other Objections**.  By entering into this Stipulation, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulation.  This Stipulation shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

e.      **Actions to Protect Confidential Information.**  In the event that the Court determines that there is an actual or threatened breach of this Stipulation by the Party who received Protected Material, the Parties agree that the Designating Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Stipulation, in addition to any other remedy the Party may be entitled at law or in equity.

f.      **Burdens of Proof**.  Notwithstanding anything to the contrary above, nothing in this Stipulation shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is CONFIDENTIAL, whether disclosure should be restricted, and if so, what restrictions should apply.

g.      **Interpretation; Disputes**.  The United States District Court for the Eastern District of North Carolina is responsible for the interpretation and enforcement of this Stipulation.  All disputes concerning Protected Material, however designated, produced under the protection of this

Stipulation shall be resolved by the United States District Court for the Eastern District of North Carolina.

**IT IS SO ORDERED.** This the 24th day of August, 2020.

_____
Joe L. Webster
United States Magistrate Judge

**WE CONSENT:**

Respectfully submitted this the 20th day of August, 2020.

| | |
|---|---|
| /s/Angela N. Gray_____ | /s/Camilla F. DeBoard_____ |
| Angela N. Gray | Camilla F. DeBoard |
| Attorney for Plaintiff | Attorney for Defendant |
| NC Bar No. 21006 | NC Bar No. 41265 |
| | |
| **OF COUNSEL:** | **OF COUNSEL:** |
| Gray Newell Thomas, LLP | Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C. |
| 7 Corporate Center Ct, Ste. B | Post Office Box 1898 |
| Greensboro, NC 27408 | Greensboro, NC 27402-1898 |
| Telephone: (336) 285-8151 | Telephone: (336) 272-4810 |
| Facsimile: (336) 458-9359 | Facsimile: (336) 272-2448 |
| Email: angela@graynewell.com | E-mail: cfd@trslaw.com |

16

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation that was issued by the United States District Court for the Middle District of North Carolina on _____, 2020 in the case of *Lee v. Market America, Inc., 1:18-cv-1046,*. I agree to comply with and to be bound by all the terms of this Stipulation and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Middle District of North Carolina for the purpose of enforcing the terms of this Stipulation, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____