Exhibit 6

Plaintiff's Responses to Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:18-cv-1046

HUI MINN LEE, )
    *Plaintiff*, )
)
)
) *Plaintiff's Responses to the*
vs. ) *Defendant's First Set of*
) *Interrogatories*
)
)
MARKET AMERICA, INC., )
    *Defendant*. )

COMES NOW the Plaintiff, Hui Lee, by and through the undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, submitting her responses to the Defendant's First Set of Interrogatories as follows:

## INTERROGATORIES

1. State your full name, date of birth, place of birth, marital status social security number and present address.

*ANSWER:* *The plaintiff contends as follows; Hui Minn Lee,* ▬▬▬▬ ▬▬▬ *Last 4# of social security are* ▬▬, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

2. List all companies or places in which Claimant was working subsequent to leaving Defendant's employment, including the dates of employment, full corporate name of employer, address of employer, hours and days worked by Claimant and the nature of employment.

*ANSWER:* *The plaintiff contends that she has not been employed since leaving the defendant's employment.*

1

3. Do you contend that you have lost any wages as a result of the incident referred to in your Complaint?

ANSWER: Yes.

If so:

(a) State the amount of such alleged lost wages.

ANSWER: *The plaintiff contends that she has lost wages equal to the amount of money she would have earned had she not been terminated through the present, and the PTO time approved for October, November and December 2017. (See attachment A3).*

(b) State the name and address of each company you sought employment from during that time and any interviews obtained.

ANSWER: *The plaintiff applied for various positions after her termination. The job search list is attached hereto as Exhibit 1.*

(c) State the inclusive dates during which you were absent from employment.

ANSWER: *The plaintiff contends that she has been unemployed since her termination from the defendant company.*

(d) If you obtained employment after separation from Defendant, identify the company(ies) with whom you worked, your rate of pay and dates of employment.

ANSWER: *The plaintiff has been unable to obtain employment since her termination from employment with the defendant.*

(e) If you were separated from a company or stopped working for a company after employment with Defendant, identify the reason you left that employment and whether you were terminated, or left voluntarily.

ANSWER: *The plaintiff has been unable to obtain employment since her termination from employment with the defendant.*

2

4. Identify all claims alleged and contained in the Complaint.

*ANSWER:* *The plaintiff claims wrongful termination based on age, race and national origin in violation of N.C.G.S. 143-422.2, Title VII and 42 USC §1981.*

5. Identify all facts or information that support Lee's request for damages.

*ANSWER:* *The plaintiff contends that her termination, in violation of the federal and state statutes identified in interrogatory #4, supports her request for back wages, emotional distress, attorney's fees and cost, and front pay due to difficulty in finding a position similar to the position she held at Market America.*

6. Identify all individuals that worked with you at Market America that were to your knowledge younger than you.

*ANSWER:* *Liliana Camara, Cherri Walston, Henri Hue, Delia Zepeda, Colbert Trotter, and Amanda Clarida.*

7. Identify all individuals that worked with you at Market America that were to your knowledge older than you.

*ANSWER:* *The plaintiff is unaware of any individual who was older than she.*

8. Identify the training sessions that you were asked to complete in 2016 to present and the actual training sessions completed.

*ANSWER:* *The plaintiff contends that the work lists of 2016 & 2017 are responsive to this question. (See Attachment C4 & C5).*

9. Identify any facts or evidence that support the position that Jennifer Lin was told to lie to Plaintiff about open positions, and that positions were in fact open at Market America.

*ANSWER:* *The plaintiff contends that the job post screen shots taken on 10/5/2017 and 10/30/2017, as well as the Termination Final Audio Recording on 10/11/2017 are responsive to this question. (See attachment A1, A2 & B5). Further, on October 5, 2017, Lin called the*

3

*plaintiff stating that she needed two mandarin translators and that she was very willing to hire the plaintiff as a translator. On October 11, 2017, the plaintiff called Sherry Spesock, who indicated that she had talked to a few managers, and they confirmed that the plaintiff should remain terminated. The plaintiff asked Spesock about the translator positions; however, Spesock stated that the positions had been filled. Thereafter, the plaintiff called Lin, who stated that the positions were still open and that she had not decided on any candidate at that time. On October 13, 2017, Spesock informed Lin that if the plaintiff asked about the translator positions, Lin should lie to the plaintiff and tell her they were no longer available. Amy Remanche, who had just been promoted to CS Director, witnessed and overheard this conversation. On October 30, 2017, the positions were still open and posted. (See also the answer to Interrogatory 13 of Defendant Market America's answers to Plaintiff's First Set of Interrogatories).*

10. Identify all documents that support the claims alleged in the Complaint, including electronic documents, text messages, or emails that are non-privileged.

*ANSWER:* *The plaintiff contends that attached Exhibits A1, A2, A3, B1, B2, B3, B4, B5, B6, B7, B8, C1, C2, C3, C4, C5, C6, D1, D2, D3, D4, D5, D6, D7, E1, E2, E3, F1, G1, G2 are responsive to this question.*

11. Identify all facts or information regarding Lee's job duties on a day-to-day basis.

*ANSWER:* *The plaintiff contends that the Complete Training History (Attachment C1), Work Lists 2014 & 2015 and Job Responsibility 2017 (Attachment C2, C3 & C6) are responsive to this question. Also, the plaintiff was required to follow on-going projects in JIRA and prepare for the possible training requests.*

12. If Plaintiff contends that she complained about the alleged discrimination to one or more of Defendant's agents or employees, respond as follows:

    1.a.a. Identify the person to whom the complaints were made.

1.a.b. State the date each complaint was filed.

1.a.c. State the exact conduct complained of.

1.a.d. State whether the complaints were in writing.

1.a.e. State what action was taken in response to the complaints.

1.a.f. State what action should have been taken.

ANSWER: *The plaintiff contends that she complained to Colbert Trotter, Director of Global Talent Acquisition & Training in September, 2016. Colbert privately promoted the plaintiff's former subordinate, Liliana Camara, as the Global Training Manager and required the plaintiff to report to Camara, which the plaintiff deemed a demotion. Since the manager position was never posted, the plaintiff questioned Trotter about the reasons for Camara's promotion and why the plaintiff was required to report to Camara. During the meeting, the Plaintiff explicitly expressed her age and nationality concern to Colbert. The complaints were verbal and were made in Trotter's office. In response to the plaintiff's complaints, the plaintiff's title was changed to a Manager title (Global Training Project Manager) and was still required report to Colbert. The plaintiff should not have been demoted and required to report to Camara at any point.*

*On December 7, 2016, the plaintiff, while on PTO time, went to office for a Malaysia Opening business meeting. Camara called the plaintiff to Colbert's office and told the plaintiff that Camara had been privately promoted to manager of the Training Department and plaintiff should report to her after returning from PTO. Until then, Camara wanted the plaintiff to prepare rotating MPCP training with Henri Hue, a young junior trainer who was hired by Camara and who had been on the job for less than a year so he could use this training as a stepping stone to boost and help his career. Camara also expressed her disapproval of the plaintiff's handling of MPCP training in the past and wanted to discuss changes. Corporate*

5

*MPCP training is the most complex and prestigious training class in Market America. The Training demands a thorough understanding of MA business model and many many years of real hands-on experience. Only a few employees in the company were qualified to teach. Neither Camara nor Colbert were qualified to conduct this training.*

*After meeting with Camara and after the Malaysia meeting, the plaintiff made the same verbal complaints to Sherry Spesock, Human Resource Director and Acting Manager for the Training Department. The complaints were made in Spesock's office. No additional action was taken by the HR; however, the plaintiff was told that the decision regarding Camara was made under Marc Ashley's, COO, instruction.*

*On December 8, 2016, the plaintiff contends that Camara acted furiously after being told about the plaintiff's meeting with Spesock on December 7, 2016. Camara insisted on stripping the plaintiff's MPCP responsibility and giving it to a young, inexperienced African male employee. During the conversation, Camara began to falsely accuse and attack the plaintiff for dictating MPCP training (a training under plaintiff's job responsibility since plaintiff started training with Market America), never listening and always saying no to the bosses, dumping UFS Services Training to her three (3) years ago when she was hired as the plaintiff's subordinate, and for not being a team player, Camara also blamed the plaintiff for not understanding those problems because of plaintiff's own culture.*

*On December 12, 2016 after sleepless nights, the plaintiff decided to complain again to Spesock regarding the stripping of her MPCP responsibility and giving it to a young, inexperienced African male employee due to racial and age preference. The plaintiff also complained to Spesock regarding Camara's discrimination, harassment and retaliation behaviors which created a hostile working environment for the plaintiff. The plaintiff contends that Spesock responded by informing the plaintiff that "if Spesock could survive a hostile*

6

environment, plaintiff should be able to".

The plaintiff further contends that Attachments B3 and B4 are responsive to this question.

Despite the plaintiff's complaints of Camara's discrimination, harassment and retaliatory acts, Spesock still allowed Camara to dump work on the plaintiff such as demanding the plaintiff conduct extra entry-level training in February 2017 and June 2017, to diminish her role in the department and demand unreasonable working schedules and workload. Spesock should have let Camara know that her discrimination, harassment and retaliation was unacceptable. Instead, Spesock purposely allowed Camara to continue her discriminatory behaviors and helped her create a hostile working environment designed to diminish the plaintiff's role within the department until she was ultimately terminated by due to alleged job elimination. (See plaintiff's employee file pertaining to unemployment benefit correspondence with NC Department of Commerce, Division of Employment Security charge unit). At time of termination, the plaintiff had worked for the company for seventeen (17) years. She was the oldest and longest working employee in the department and the only Asian Taiwanese. The plaintiff further contends that Attachments C4, C5 and F1 are responsive to this question.

13. Describe with particularity each instance of any of Employer's alleged discrimination/harassment/ retaliation. (For purposes of these special interrogatories, the term EMPLOYER shall mean and refer to Market America, Inc., and its agent, principals, and anyone else acting on its behalf.)

ANSWER: The plaintiff contends that her responses to interrogatories 9-12 are responsive to this question.

14. If you contend that you suffered intangible injuries, including emotional distress and mental anguish, state with particularity all facts supporting the contention, including a list of any

medications taken as a result of medical providers seen to assess your alleged emotional distress or suffering.

*ANSWER:* *The plaintiff contends that her responses to interrogatories 9-12 are responsive to this question. Further, the plaintiff contends that she did not take any medications prescribed by a medical provider regarding her emotional distress due to no or limited insurance. Rather, she took over the counter medications like Tylenol PM, Advil PM and traditional Chinese medicine and therapy.*

15. Identify any person who witnessed each instance of any Defendant's alleged discrimination.

*ANSWER:* *The plaintiff contends that other than the individuals who were involved in the specific acts described herein, she is unaware of any additional witnesses.*

16. State the name and address of each doctor or other medical practitioner by whom you were treated and the name of each hospital at which you were treated for any injury or injuries which you allege were caused by the accident to which reference is made in the Complaint.

*ANSWER:* *The plaintiff was not treated by a medical doctor or other medical practitioner for any injury or injuries which were caused by the acts referenced in the Amended Complaint.*

17. Itemize by date and amount all medical expenses incurred by you for examination or treatment as the result of the conduct alleged in the Complaint; and, for each expense incurred provide:

    1.a.a. the amount incurred for medical expenses;

    1.a.b. the amounts actually paid to satisfy the bills that have been satisfied;

    1.a.c. the source of each payment made;

    1.a.d. the amounts actually necessary to satisfy the bills incurred but not satisfied; and,

    1.a.e. an itemized list of all liens, including amount, lien holder, and medical provider.

8

ANSWER: N/A.

18. Please state whether you have ever suffered any emotional distress or trauma prior to or subsequent to the employment referenced in the Complaint, and if so, please state the date that such injury occurred and the name, address and telephone number of each medical provider who treated you for said injuries.

ANSWER: *The plaintiff contends that she suffered tremendous sadness after being terminated because she invested so much time and energy into her career with the defendant company. She was extremely depressed and often times unable to get out of bed. She did not have the energy to do many of the things she did before her termination. She suffered low self-esteem and a feeling and fear that she would never get another job. She was often stressed and anxious, unable to focus and concentrate. She has had a difficult time moving forward with her life.*

19. Do you, your attorneys, or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys, or other descriptions concerning the events and happenings alleged in the Complaint, the scene of the accident, of the areas or persons or property involved made either before, after, or at the time of the events in question, including any photographs made of emails or other communication that supports the discrimination referred to in the complaint and, if so, as to each such item, state its specific subject matter; the date it was made or taken; and the name and address of the person having custody of such item.

ANSWER: *Neither the plaintiff nor her attorneys possess such items.*

20. Identify any other social media postings that support your allegations referenced in your Complaint.

ANSWER: *See the attached LinkedIn Profile for the following:*

9

1) Amanda Clarida   (Attachment D1)

2) Colbert Trotter   (Attachment D2)

3) Liliana Camara   (Attachment D3)

4) Cherri Walston   (Attachment D4)

5) Henri Hue   (Attachment D5)

6) Delia Zepeda   (Attachment D6)

7) Nadine Lee   (Attachment D7)

*Training Department Job Postings after Liliana Camara left:*

1) Training Manager   (Attachment E1)

2) Senior Training Specialist   (Attachment E2)

3) Training Specialist   (Attachment E3)

21. Identify any audio or video recordings taken by you or in your possession, custody, or control, referencing any time of your employment with Defendant or any videos taken of other employees, managers, or owners of Defendant.

ANSWER:   *The plaintiff contends as follows:*

a) *Termination Process. (See Audio Recording Attachment B6, B7 & B8);*

b) *Approved 25 PTO days were incorporated into severance pay agreement and not compensated if not accepting agreement. (See Attachment A3 & B5);*

c) *Attachment B1, Audio Recording 11/07/2013 Amanda Clarida; and,*

d) *Attachment B2, Audio Recording 11/13/2013 Amanda Clarida*

22. Identify any conversations, communications, text messages, emails or oral statements made by any person associated with, employed by or manager of Defendant that supports your position that you were discriminated against based upon your age.

ANSWER:   *The plaintiff contends that all documents, screen shots and audio recordings*

10

*produced herein are responsive to this question. Further, the plaintiff contends that the following facts also support her contentions of age discrimination; a) Cherri Walston, after working for eleven (11) years, was terminated at age of 55. She was the second oldest and longest working employee in the Training Department and HR department, b) Henri Hue and Delia Zepeda were both hired by Camara at the age of early twenties and/or thirties without college degrees. Hue was promoted to Senior Trainer by Camara in April, 2017 with only sixteen (16) months experience. Hue also got his associate degree using company time under Camara's supervision. Camara was hired in the mid of thirties as an entry-level training specialist to help plaintiff and got promoted to senior trainer in less than two (2) years and manager in less than three (3) years after Colbert took over the training. It took the plaintiff fourteen (14) years to be recognized as a senior trainer by Colbert. Practically speaking, the training department was built up by the plaintiff during her tenure. Every manager and most of the trainers hired after Plaintiff all went through training provided by plaintiff. Even in 2017, plaintiff still picked up more than fifty percent (50%) of department workload. After only six (6) months on the job and still being trained by the plaintiff, Camara start attending UNC-Charlotte for a master's degree on company time under Colbert's policy. Unfortunately, after the company terminated two (2) longtime employees, Walston and plaintiff, the training department collapsed after Hue and Camara abandoned the company for better opportunities.*

23. Identify every individual employed by Defendant that had knowledge of your date of birth or age.

ANSWER: *The plaintiff contends that all of her supervisors and co-workers had knowledge of her age.*

This the 16th day of November, 2020.

GRAY NEWELL THOMAS, LLP

BY: _____/s/ Ang_____
Angela Newell Gray
7 Corporate Center Court, Suite B
Greensboro, NC 27408
*Attorney for Plaintiff*
Telephone: (336) 285-8151
Fax: (336) 458-9359
E-mail: angela@graynewell.com
N.C. State Bar #21006

12

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:18-cv-1046

HUI MINN LEE, )
    *Plaintiff*, )
)
)
vs. ) <u>Certificate of Service</u>
)
)
MARKET AMERICA, INC., )
    *Defendant*. )

I, Angela Newell Gray, Attorney for the Plaintiff, do hereby certify that I served the foregoing Plaintiff's Responses to the Defendant's First Set of Interrogatories upon counsel for the Defendant shown below by electronic mail and by depositing a copy thereof with the United States Postal Service, first class, postage prepaid, as follows;

Camilla F. Deboard
Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC
P.O. Box 1898
Greensboro, NC 27402-1898

This the 16th day of November, 2020.

GRAY NEWELL THOMAS, LLP

BY: _____
Angela Newell Gray
7 Corporate Center Court, Suite B
Greensboro, NC 27408
*Attorney for Plaintiff*
Telephone: (336) 285-8151
Fax: (336) 458-9359
E-mail: angela@graynewell.com
N.C. State Bar #21006

13