IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HUI MINN LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:18-cv-1046 |
| | ) | |
| MARKET AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO AMEND**

COMES NOW Defendant, through its undersigned counsel, and submits its Memorandum of Law in Support of its Motion to Amend its Memorandum of Law on its Motion for Summary Judgment (D.E. *34).

PROCEDURAL HISTORY

Defendant, through Counsel, filed its Motion for Summary Judgment on May 21, 2021 (D.E.*33). The motion noted that Defendant "moves for summary judgment in its favor with respect to the causes of action by the Plaintiff against it." (id.) Defendant's counsel filed a Memorandum of Law In Support of Its Motion for Summary Judgment also on May 21, 2021. In the procedural history, counsel for Defendant incorrectly recited that the retaliation claims under 1981 of Plaintiff were dismissed at the Rule 12(b)(6) stage. (D.E. * 24 Memorandum of Law p. 2.) In its brief, Defendant argues

the *McDonnell Douglas* framework applies to all claims, as the 1981 claims remaining are analyzed under this framework as well. (Memorandum of Law p. 12,27.) However, in its brief, Defendant's counsel argued that direct discrimination does not apply as there is no temporal causation. (id. at p. 13-14.) Furthermore, counsel for Defendant argued that all 1981 claims should be dismissed because the Defendant had a legitimate basis to terminate Plaintiff, and that the reason is not pretextual. (id at 24-27.)

STANDARD OF REVIEW

Rule 60 of the Federal Rules of Civil Procedure allows for correction of the record for a mistake arising from oversight or omission in a part of the record. Fed. R. Civ. P. Rule 60(a). The Court has discretion to grant such a motion to correct an omission. *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014).

ARGUMENT

The Court should consider the amendment to Defendant's brief in the interest of justice. "A mistake arising from oversight or omission also includes an unintended ambiguity that obfuscates the court's original intent." *Sartin v. McNair L. Firm PA,* 756 F.3d 259, 266 (4th Cir. 2014)(internal citations omitted). Items other than judgments have been corrected under the Rule 60 standard. *United States v. Vanderhorst*, 927 F.3d 824, 826

2

(4th Cir. 2019)(in the criminal procedure context). Instead of waiting to file its reply with new arguments, counsel for Defendant is filing this motion, acknowledging that new arguments at the reply stage are disfavored and may be stricken. *Pouncey v. Guilford Cty.,* No. 1:18CV1022, 2020 WL 1274264, at *5 (M.D.N.C. Mar. 17, 2020). However, the Court, under Rule 56, may adopt other arguments and grant summary judgment *sua sponte*. Fed. R. Civ. P. Rule 56(f).

Here, counsel for Defendant misread the Amended Complaint and the Order on Defendant's Rule 12(b)(6). Clearly the procedural history contained in its Memorandum of Law note that the only purported claims to remain excluded any claim for retaliation, and the Motion itself along with the Conclusion in the Memorandum of Law request a complete dismissal of all claims. (Memorandum of Law p. 27, D.E. *23 Motion for Summary Judgment.) The fact section outlines the specific issues regarding retaliation and the majority of the argument regarding retaliation, other than the argument regarding a lack of *prima facie* case, are contained in the original briefing. To allow one portion of the claim to continue to trial due to the misinterpretation of an unorganized Amended Complaint, *see* FN3 Order on Motion to Dismiss D.E. 18, Dated March 17, 2020, would be inconsistent with the intent of counsel for Defendants in its full summary judgment motion, and allow a ruling based on a misinterpretation of the Court's March 17, 2020, Order.

3

CONCLUSION

WHEREFORE, Defendant, through counsel, respectfully requests that this Motion to Amend its Memorandum of Law in Support of Summary Judgment be granted, that counsel for Plaintiff be given time to respond to said arguments, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this the 8th day of June 2021.

/s/Camilla F. DeBoard
Camilla F. DeBoard
Attorney for Defendant
NC Bar No. 41265

OF COUNSEL:

Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898
Greensboro, NC  27402-1898
Telephone:  (336) 272-4810
Facsimile:  (336) 272-2448
E-mail: cfd@trslaw.com

CERTIFICATE OF WORD COUNT

    The undersigned counsel hereby certifies that this response memorandum complies with the word count requirement pursuant to Rule 7.3(d)(1) and does not exceed 6,250 words, as counted by the word processing software utilized by counsel for Defendant.

    This the 8th day of June 2021.

    /s/Camilla F. DeBoard
    Camilla F. DeBoard
    Attorney for Defendant
    NC Bar No. 41265


OF COUNSEL:

Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898
Greensboro, NC  27402-1898
Telephone:  (336) 272-4810
Facsimile:  (336) 272-2448
E-mail: cfd@trslaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the date noted below, I electronically filed the Memorandum of Law in Support of Defendant's Motion to Amend with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

    Angela N. Gray
    Gray Newell Thomas, LLP
    7 Corporate Center Ct, Ste. B
    Greensboro, NC 27408
    Email: angela@graynewell.com

This the 8th day of June 2021.

                                      /s/Camilla F. DeBoard
                                      Camilla F. DeBoard
                                      Attorney for Defendant
                                      NC Bar No. 41265

OF COUNSEL:

Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898
Greensboro, NC  27402-1898
Telephone:  (336) 272-4810
Facsimile:  (336) 272-2448
E-mail: cfd@trslaw.com