IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:18-cv-1046

| | |
|---|---|
| HUI MINN LEE,  )  *Plaintiff*,  )  ) | |
| ) | *Plaintiff's Memorandum in Opposition* |
| vs.  ) | *to Defendant's Motion to Amend its* |
| ) | *Motion for Summary Judgment* |
| ) | |
| MARKET AMERICA, INC.,  )  *Defendant*.  ) | |

**STATEMENT OF RELEVANT FACTS**

On May 21, 2021, the defendant moved for summary judgment on all of plaintiff's claims except for her claim for retaliation pursuant to 42 U.S.C. §1981. Thereafter on June 4, 2021, the plaintiff responded to the defendant's motion and asserted that defendant's failure to timely move for summary judgment on the plaintiff's retaliation claim effectively positioned the retaliation claim for trial. Defendant now moves the court, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, to amend its Motion for Summary Judgment to add an argument in support of dismissal of the plaintiff's retaliation claim. For the reasons argued below, the plaintiff contends that the Defendant's Motion to Amend its Motion for Summary Judgment should be denied.

**DEFENDANT'S MOTION TO AMEND ITS MOTION FOR SUMMARY JUDGMENT TO DISMISS THE PLAINTIFF'S CLAIM FOR RETALIATION IN VIOLATION OF 42 U.S.C. §1981 SHOULD BE DENIED**

At the summary judgment stage, the movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

1

any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Local Rule 56.1(b) of the Rules of Civil Procedure requires that all dispositive motions and supporting briefs must be filed and served within thirty (30) days following the close of the discovery period, subject to the terms of any LR 5.5 Order. In the present case, the defendant has failed to move for summary judgment on the plaintiff's retaliation claim in a timely manner. Therefore, the plaintiff's claim for retaliation must succeed to trial.

The defendant relies on Rule 60(a) of the Federal Rules of Civil Procedure in support of its argument to amend its motion for summary judgment. However, reliance upon Rule 60(a) is misplaced for several reasons. Rule 60(a) allows *the court* to perform mechanical adjustments to judgments, such as correcting transcription errors and miscalculations. The Rule is properly utilized " 'to perform a completely ministerial task' (such as 'making a judgment more specific in the face of an original omission')." *Caterpillar Fin. Servs. Corp. v. F/V Site Clearance I*, 275 Fed.Appx. 199, 204 (4th Cir.2008)(quoting *Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir.1994)). However, a court may not employ Rule 60(a) to reconsider a matter that has already been decided. As we explained:

> The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Rhodes v. Hartford Fire Ins. Co.*, 548 Fed.Appx. 857, 859–60 (4th Cir.2013) (per curiam) (quoting *In re Walter*, 282 F.3d 434, 440 (6th Cir.2002)); accord *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir.2011) ("Clerical mistakes, inaccuracies of transcription, inadvertent

omissions, and errors in mathematical calculation are within Rule 60(a)'s scope; **missteps involving substantive legal reasoning are not** " (emphasis added) (footnote omitted)). *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir.2011). Hence, Rule 60(a) cannot be utilized to correct errors and mistakes not made by the court. The rule's sole purpose is for the court to correct its own mistakes.

Rule 60(a) also authorizes a court to correct "a mistake arising from oversight or omission." *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014). Such a mistake occurs when there is an inconsistency between the text of an order or judgment and the district court's intent when it entered the order or judgment. *See Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir.2012) ("Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement" (emphasis added)); *Rivera*, 647 F.3d at 195 ("A district court's authority under Rule 60(a) is also limited to making corrections that are consistent with the court's intent at the time it entered the judgment " (emphasis added)); *Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1192 (Fed.Cir.2009).

Here, clearly, it is the defendant's error, not the court's, which forms the basis of the defendant's motion to amend. Rule 60(a) is simply inapplicable under the present circumstance. Therefore, having failed to timely move for summary judgment on the plaintiff's retaliation claim and failing to properly support its motion to amend with appropriate legal authority, the Defendant's Motion to Amend its Motion for Summary Judgment should be denied.

This the 29th day of June, 2021.

3

Case 1:18-cv-01046-WO-JLW   Document 41   Filed 06/29/21   Page 3 of 6

GRAY NEWELL THOMAS, LLP

BY: /s/ Angela Gray
 Angela Newell Gray
 7 Corporate Center Court, Suite B
 Greensboro, NC 27408
 Telephone: (336) 285-8151
 Facsimile: (336) 458-9359
 Email: angela@graynewell.com
 *Attorney for Plaintiff*
 NC Bar # 21006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:18-cv-1046

| | | |
|---|---|---|
| HUI MINN LEE, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | *Certificate of Service* |
| | ) | |
| MARKET AMERICA, INC., | ) | |
|    *Defendant*. | ) | |

    I, Angela Newell Gray, Attorney for the Plaintiff, do hereby certify that I served the foregoing Plaintiff's Memorandum in Opposition to the Defendant's Motion to Amend its Motion for Summary Judgment upon counsel for the Defendant shown below by electronically filing the same with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorney of record;

                  Camilla DeBoard; cfd@trslaw.com

This the 29th day of June, 2021.

    <u>/s/ Angela Gray</u>
    Angela Newell Gray
    Gray Newell Thomas, LLP
    7 Corporate Center Court, Suite B
    Greensboro, NC  27408
    Tel:   (336) 285-8151
    Fax:  (336) 458-9359
    Email: angela@graynewell.com
    NC State Bar #21006

## VERIFICATION OF COMPLIANCE WITH LOCAL RULE 7.3(d)(1)

The undersigned hereby verifies that the foregoing brief does not exceed 6,250 words.

This the 29th day of June, 2021.

    /s/ Angela Gray
    Angela Newell Gray
    Gray Newell Thomas, LLP
    7 Corporate Center Court, Suite B
    Greensboro, NC  27408
    Tel:    (336) 285-8151
    Fax:    (336) 458-9359
    Email: angela@graynewell.com
    NC State Bar #21006