IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
HUI MINN LEE,                     )
                                  )
         Plaintiff,               )
                                  )
    v.                            )    1:18CV1046
                                  )
MARKET AMERICA, INC.,             )
                                  )
         Defendant.               )
```

**ORDER ON MOTION TO AMEND**

Presently before this court is Defendant Market America, Inc.'s ("Defendant") Motion to Amend its Memorandum of Law in Support of its Motion for Summary Judgment. (Doc. 37.) Defendant seeks to amend its brief in support of its motion for summary judgment due to its failure to provide briefing regarding Plaintiff Hui Min Lee's ("Plaintiff") § 1981 retaliation claim. (Id. at 2.) For the reasons that follow, Defendant's Motion to Amend will be granted in part and denied in part.

I. **PROCEDURAL HISTORY**

On May 21, 2021, Defendant moved for summary judgment, (Doc. 33), and filed a brief in support of its motion, (Doc. 34). Plaintiff responded. (Doc. 35.) In Plaintiff's response brief, Plaintiff argues that Defendant's failure to timely move for summary judgment as to her § 1981 retaliation

claim effectively set the issue for trial. (Doc. 36 at 18.) Thereafter, Defendant filed its Motion to Amend, (Doc. 37), and a brief in support, (Doc. 38). Defendant also filed a supplemental memorandum. (Doc. 39.) Plaintiff responded in opposition. (Doc. 41.)

## II. **ANALYSIS**

Defendant argues its Motion to Amend should be granted because although "counsel for Defendant believed that all claims regarding retaliation . . . were dismissed with the Court's Order on 12(b)(6)[,] . . . [i]n its [summary judgment] brief, counsel for Defendant did include arguments applicable to the 1981 claim for retaliation, including the legitimate bases for termination and pretext[.]" (Doc. 37 at 2.) This court finds Defendant's Motion to Amend should be granted in part and denied in part.

First, Defendant certified that its original memorandum in support of its motion for summary judgment did not exceed 6,250 words in accordance with LR 7.3(d), 56.1(c). (Doc. 34 at 30.) However, the proposed supplemental memorandum, (Doc. 39), does not include a word count. To allow Defendant to file a supplemental memorandum would likely permit Defendant to exceed the word count without seeking permission from the court.

Second, there is some merit to Plaintiff's argument that the Motion to Amend should be denied as it would result in an untimely motion for summary judgment and, further, it was Defendant's mistake, not the court's, and is therefore not authorized by Federal Rule of Civil Procedure 60. (See generally Doc. 41.) Federal Rule of Civil Procedure 60 allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Thus, to correct part of the record under Rule 60(a), there are two requirements: (1) the mistake is made by the court; and (2) the mistake is a clerical error or due to oversight. See, e.g., Sartin v. McNair Law Firm PA, 756 F.3d 259, 268 (4th Cir. 2014) (collecting cases); Rhodes v. Hartford Fire Ins. Co., 548 F. App'x 857, 860 (4th Cir. 2013) (per curiam) (affirming the district court's use of "Rule 60(a) to change the dismissal to one with prejudice" to correct a "clerical mistake" of the court's). Here, the reason for the omission or error was Defendant's mistake, not the court's. (Doc. 37 at 2.) Additionally, failing to properly brief an issue for summary judgment is a material error.

However, while Defendant's oversight should not be countenanced, there is some degree of similarity in the applicable law between a retaliation claim under § 1981 and a

-3-

discrimination claim under Title VII and § 1981, which Defendant has fully briefed. (See Doc. 34 at 12-28.) This court finds judicial economy and the ends of justice are furthered by addressing related claims rather than potentially reaching inconsistent results. This court further finds a sufficient remedy for Defendant's oversight is to deny the motion to file a supplemental memorandum.

Nevertheless, this court will allow Defendant to amend its original summary judgment motion to expressly include a statement as set forth on page one of the supplemental memorandum that "Defendant argues . . . that the Retaliation Claims under § 1981 as they survive in this suit should be dismissed. . . . [A] retaliation claim follows the same McDonnell Douglas Framework outline as all discrimination claims under Title VII as to burden shifting." (Doc. 39 at 1.) Because Defendant contends, "[i]n its brief, counsel for Defendant did include arguments applicable to the 1981 claim for retaliation, including the legitimate bases for termination and pretext, which would include arguments for summary judgment regarding retaliation[,]" (Doc. 37 at 2), additional briefing by Defendant is not necessary and will not be permitted. The court will accept the late-filed exhibit attached to the supplemental memorandum. (Doc. 39-1.)

Notably, Plaintiff is not without some fault in delaying these proceedings. Plaintiff presented, as substantive evidence, the affidavit of a witness not previously identified during discovery. (See Docs. 42, 43.) Plaintiff's argument that the Cheng Declaration is offered only for impeachment purposes, (Doc. 43 at 1), is not persuasive. Credibility is not an issue for the court's determination at summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Whether the Cheng Declaration is struck, or offered solely for impeachment purposes, it cannot be considered as substantive evidence in support of the claims brought by Plaintiff. Thus, even under Plaintiff's argument, the Cheng Declaration may not be considered as substantive evidence.

However, if Defendant's motion for summary judgment is amended to specifically address all claims, including retaliation under § 1981, Plaintiff should have an opportunity to respond. In order to avoid prejudice to Plaintiff, this court will permit Plaintiff to file a brief in response to the amended motion. That brief shall be filed, if at all, within fourteen (14) days of the entry of this order and shall be no more than 2,000 words in length.

The Federal Rules of Civil Procedure are employed "to secure the just, speedy, and inexpensive determination of every

action and proceeding." Fed. R. Civ. P. 1. The Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina exist "to promote the just and prompt determination of all proceedings." LR 1.1. The failure to follow these rules in several instances in this case has created unnecessary and expensive steps to rectify such mistakes and has done little "to promote the just and prompt determination of [these] proceedings." Id. Both parties are cautioned that this will not be allowed to continue. If the failure to carefully follow the rules occurs hereafter, this court will address that failure with appropriate sanctions.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Amend its Memorandum of Law in Support of its Motion for Summary Judgment, (Doc. 37), is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Amend its Memorandum of Law in Support of its Motion for Summary Judgment, (Doc. 37), is **GRANTED IN PART** and Defendant's Motion for Summary Judgment is amended as set forth in Part II of this Order. The Motion to Amend is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff is permitted to file a brief in response to the amended motion for summary judgment. That brief shall be filed, if at all, within fourteen (14) days

of the entry of this Order and shall be no more than 2,000 words in length.

**IT IS SO ORDERED.**

This the 19th day of January, 2022.

                                              /s/ William L. Osteen, Jr.
                                            United States District Judge